

# NUMBER 13-21-00261-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JUSTIN ROY LAMMERS,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

### On appeal from the 2nd 25th District Court
### of Lavaca County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Justice Hinojosa**

Appellant attempted to perfect an appeal from a conviction for possession of controlled substance in penalty group one. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed with a judgment of conviction by jury entered on June 8, 2021. On August 17, 2021, a notice of appeal was filed. On August 18, 2021,

the Clerk of the Court notified appellant that it appeared the appeal was not timely perfected. Appellant was advised the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant did not respond, and the defect is uncured.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM.

2

PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App.

1999).

The appeal is dismissed for want of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
16th day of September, 2021.